IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Shenzhen Chengront Technology Co., Ltd,<br><br>    Plaintiff<br><br>    v.<br><br>Besign Direct and Shenzhen JianYi KeJi Youxian Gongsi<br><br>    Defendant | Case No.<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff Shenzhen Chengront Technology Co., Ltd. ("Plaintiff" or "Chengront"), by and through counsel, J. Zhang and Associates, P.C., for its Complaint against Besign Direct ("Besign)" Shenzhen JianYi KeJi Youxian Gongsi ("JianYi") (collectively, "Defendants") allege as follows:

## I.     INTRODUCTION

1.     This is an action for infringement by Defendants of Plaintiff's United States Patent No. D955,399 ("the '399 patent") under the Patent Act, 35 U.S.C. § 271 (a), based on Defendants' unauthorized and unlawful commercial making, using for sale, and selling in the United States, and importing into the United States, the Besign LSX3 Adjustable Laptop Stand, which Defendants manufacture and sell.

## II.    PARTIES

2.     Chengront is a Chinese company located at No. 18 Queshanyumfeng Road, Gaofeng Comm. Dalang St., Longhua, Shenzhen, Guangdong, China 518109.

1

3. Chengront is the assignee the '399 patent. A copy of the patent is included as **Exhibit A** and a copy of the assignment records at the USPTO is included as **Exhibit B**.

4. Upon information and belief, Shenzhen JianYi KeJi Youxian Gongsi is a Chinese manufacturing company located at Unit 1, Bldg B1, Jinhuhuayuan B Jinhu Rd., Qingshuihe St., Luohu Dist. Shenzhen CHINA 518023.

5. Upon information and belief, Besign Direct is the trade name of amazon.com storefront through which JianYi sells products to the American marketplace.

6. The bases for these believes is Besign's activity on Amazon.com, which sells infringing products to the American marketplace. See, **Exhibit C**. In addition, JianYi owns the trademark registration for BESIGN on the USPTO website. See, **Exhibit D.**

### III. JURISDICTION AND VENUE

7. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and § 1338, as the dispute between the parties presents a substantial question of federal law, including the Patent Act, 35 U.S.C. § 271 (a).

8. This Court has personal jurisdiction over Defendants because they regularly transact business in this Court's jurisdiction. They sell products through a storefront on Amazon.com. Further, Defendants have sold and sent relevant products to this forum.

9. Venue is proper because a substantial part of the events giving rise to the claims occurred in this district. Notably, Defendants actively market to this forum and shipped relevant products to this forum, notably the Besign Laptop Stand.

10. Personal jurisdiction is established over Defendants because they purposefully availed themselves to this District. They shipped the Besign Laptop Stand to 1407 Broadway RM 202, New York, NY 10018, which is within the geographic jurisdiction of this Court.

**IV.    FACTS**

11. Plaintiff is in the business of innovating, producing, and selling electronics. This includes next generation technology laptop computer stands.

12. The '399 patent, entitled "Laptop Stand", issued on June 21, 2022 and named Qi She as the inventor. Attached as **Exhibit A** is a true and correct copy of the '399 patent.

13. The '399 patent claims the "ornamental design for a laptop stand, as shown and described."

14. Upon information and belief, Defendants have been and selling laptop stands on Amazon.com. Defendants' laptop stand is virtually identical in appearance to the laptop stands claimed in the '399 patent.

15. Defendants infringed and continue to infringe the '399 patent by making, using, offering to sell, and selling the Besign Laptop throughout the United States, including in this judicial District.

16. Defendants actively manufacture, market, and distribute laptop stands covered by the '399 patent. Given the virtually identical appearance between Defendants' laptop stand and that covered by the '399 patent, upon information and belief, Defendants' infringement is deliberate, willful, wanton, and intentional.

17. Defendants have caused and will continue to cause Plaintiff substantial damages and injury including Plaintiffs loss of unique product positioning and lost profits due to lost sales of

its systems include the patented laptop stand by virtue of Defendants' past and continuing infringement of the '399 patents.

18. Plaintiff will suffer further damage and injury unless and until Defendants are enjoined by this Court from continuing such infringement.

19. The damage caused by Defendants is irreparable and cannot be adequately compensated for solely in monetary damages.

## COUNT I

### Infringement of the '399 Patent

20. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-19.

21. Defendants have been and are now infringing the '399 patent by making, using, offering for sale, and/ or importing in the United States, including in this District, the Besign laptop stand.

22. On information and belief, and after a reasonable opportunity for further investigation or discovery, it is likely the evidence will show that Defendants' act of infringement has been made with full knowledge of the '399 patent. Such acts constitute willful and deliberate infringement, entitling Plaintiff to enhanced damages and attorneys' fees.

23. As a consequence of Defendants' infringement, Plaintiff has been irreparably damaged, to an extent not yet determined, and will continue to be irreparably damaged by such acts in the future unless Defendant is enjoined by this Court from committing further acts of infringement.

24. Plaintiff is entitled to recover damages adequate to compensate for Defendants' acts of infringement, which in no even can be less than a reasonable royalty, as well as for lost profit.

**WHEREFORE**, Plaintiff prays for the following relief:

1. That this Court enter Judgment that the '399 patent has been infringed by Defendants (35 U.S.C. § 271(a)) and that such infringement has been willful;

2. That this Court issue an injunction, permanently enjoining Defendants and their officers, agents, subsidiaries, successors, employees, representatives, and assigns from further patent infringement (35 U.S.C. § 283);

3. That this Court award damages to Plaintiff adequate to compensate Plaintiff for all acts of infringement by Defendants (U.S.C. § 284) including for lost profits (U.S.C. § 289);

4. Order that the damages award be increased in an amount up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

5. That this Court award damages in the amount of Defendants' total profits realized for the infringing products (35 U.S.C. § 289);

6. That the damages awarded be increased up to three times as provided for in 35 U.S.C. § 284 concerning patent infringement;

7. That Plaintiff be awarded their attorneys' fees under 35 U.S.C. § 285;

8. That Plaintiff be granted pre-judgment interest pursuant to 35 U.S.C. § 284 and post-judgment interest pursuant to 28 U.S.C. § 1961 continuing thereafter until such judgment is paid, on the damages caused by reason of the acts of Defendants as set forth above;

9. That Plaintiff be granted an award of increased damages in an amount not less than three times the amount of damages found by the jury or assessed by this Court, for Defendants' willful and wanton acts of infringement, pursuant to 35 U.S.C. § 284;

10. That the Court order Defendants to deliver to Plaintiff all infringing laptop stands and their packaging for destruction;

11. The Court order Defendants to identify the manufacturer(s) of its infringing laptop stands including their location and location of any molds or other tooling employed in manufacturing the laptop stands and creating their packaging; and,

12. That this Court grant Plaintiff such other and further relief as it may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated  November 28, 2022

        Respectfully submitted.

        J. Zhang and Associates, P.C.

        */s/ Jiyuan Zhang*
        By: Jiyuan Zhang, Esq
        136-20 38th Avenue, # 11G,
        Flushing, NY 11354
        Tel: 607-948-3339
        contact@jzhanglaws.com

        ***Attorney for Plaintiff***