UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHENZHEN CHENGRONT TECHNOLOGY CO., LTD, <br><br> Plaintiff, <br><br> -against- <br><br> BESIGN DIRECT and SHENZHEN JIANYI KEJI YOUXIAN GONGSI, <br><br> Defendants. | Case No. 1:22-cv-10281 (JLR) <br><br> <u>ORDER</u> |

JENNIFER L. ROCHON, United States District Judge:

On December 5, 2022, Plaintiff Shenzhen Chengront Technology Co., Ltd ("Plaintiff") brought suit against Defendants Besign Direct and Shenzhen JianYi KeJi Youxian Gongsi ("Defendants") alleging infringement of Plaintiff's patent for an adjustable laptop stand. ECF No. 1 ("Compl."). That same day, Plaintiff also filed an emergency motion for an *ex parte* temporary restraining order ("TRO") and for alternate service under Federal Rule of Civil Procedure 4(f)(3), among other things. ECF No. 2. The motion was not filed under seal. On December 8, 2022, the Court held a hearing to address the application for an *ex parte* TRO and other requests. As articulated on the record at that conference, Plaintiff's motion is DENIED.

I. **Motion for Temporary Restraining Order**

Under Federal Rule of Civil Procedure 65(b), the Court may issue an *ex parte* TRO only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and the moving party's attorney has "certified in writing any efforts made to give notice and the reasons why it should not be required." In this Circuit, "the same legal standard governs the issuance of preliminary injunctions and TROs." *3M Co. v.*

*Performance Supply, LLC*, 458 F. Supp. 3d 181, 191 (S.D.N.Y. 2020).  To obtain an injunction, "the moving party must demonstrate (1) irreparable harm absent injunctive relief; (2) either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the movant's favor; and (3) that the public's interest weighs in favor of granting an injunction." *Transcience Corp. v. Big Time Toys, LLC*, 50 F. Supp. 3d 441, 457 (S.D.N.Y. 2014).  A plaintiff's delay in seeking a TRO after being put on notice of the alleged harm is "compelling evidence" that there is no irreparable harm.  *See id.*; *see also Citibank N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985) (concluding that "significant delay" in applying for preliminary injunctive "may justify denial of a preliminary injunction for trademark infringement"). Generally speaking, several months' delay in seeking injunctive relief indicates Plaintiff will not be irreparably harmed by further delay in getting injunctive relief.  *See, e.g.*, *Transcience Corp.*, 50 F. Supp. 3d at 457 (denying injunctive relief where plaintiff waited nine months to commence litigation after notice of breach); *Kalipharma, Inc. v. Bristol-Myers Co.*, 707 F. Supp. 741, 756 (S.D.N.Y. 1989) (finding that seven months' delay in seeking injunctive relief in patent infringement action weighed in favor of denying relief); *Ethicon, Inc. v. U.S. Surgical Corp.*, 762 F. Supp. 480, 505 (D. Conn. 1991) (concluding that there was no irreparable harm when plaintiff waited over one year to seek injunctive relief).

      Here, Plaintiff had been in a prior business relationship with Defendants: information regarding the invention was shared between the parties in 2020, they communicated by "text messages," and Defendants "purchased the invention from [Plaintiff] and sold through Amazon at first."  *See* ECF No. 3-1, Affidavit of Zhigang Liu ¶¶ 6-9.  Plaintiff alleges that "since about February 2022, Besign did not purchase[] the invention from [Plaintiff]" but then continued to sell an infringing product on Amazon.  *Id.* ¶ 10.  Plaintiff confirmed during the

conference on December 8, 2022 that Plaintiff was aware that Defendants were allegedly infringing Plaintiff's patent since February 2022.  Nevertheless, Plaintiff waited ten months – until December 5, 2022 – to initiate this action and seek a TRO.  Even if, as counsel indicated at the December 8, 2022 conference, Plaintiff and Defendants were attempting to resolve the dispute during that time, or Plaintiff was looking for counsel, the significant delay supports the inference that Plaintiff is not being irreparably harmed.  Indeed, the delay demonstrates that immediate relief through a temporary restraining order is not warranted here.  Accordingly, and for the reasons stated on the record at the December 8, 2022 conference, Plaintiff's motion for a temporary restraining order is denied.  For those same reasons, the corresponding requests for expedited discovery, a security bond, and to freeze Defendants' assets are also denied.

> **II.    Motion for Alternate Service Under Federal Rule of Civil Procedure 4(f)(3)**

Federal Rule of Civil Procedure 4(f) provides three methods of service of an individual in a foreign country: "(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . [,] or (3) by other means not prohibited by international agreement, as the court orders."  "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court."  *Vega v. Hastens Beds, Inc.*, 342 F.R.D. 61, 64 (S.D.N.Y. 2022).

Plaintiff seeks permission to serve Defendants, located in China, through email and a secure website containing PDF copies of the Summons, Complaint and any court order, pursuant to Rule 4(f)(3).  As stated above, Rule 4(f)(3) permits service through alternate

means that are not prohibited by international agreement. China is a signatory to the Hague Convention, which applies if the party to be served has a known address. *See Smart Study Co. v. Acuteye-Us*, No. 1:21-cv-5860 (GHW), 2022 WL 2872297, at *5-6 (S.D.N.Y. July 21, 2022); *see Kelly Toys Holdings, LLC. v. Top Dep't Store*, No. 22-cv-558 (PAE), 2022 WL 3701216, at *6 (S.D.N.Y. Aug. 26, 2022) (concluding Hague Convention did not apply where party to be served did not have a known address). Here, Plaintiff has alleged that Defendant Shenzhen JianYi KeJi Youxian Gongsi is a Chinese manufacturing company located at Unit 1, Bldg B1, Jinhuhuayuan B Jinhu Rd., Qingshuihe St., Luohu Dist. Shenzhen CHINA 518023. Compl. ¶ 4.[1] While Plaintiff's counsel expressed skepticism that this address – which is on file with the United States Patent & Trademark Office (USPTO) – was accurate in light of counsel's experience that entities from China sometimes do not provide their correct address to the USPTO, the Court finds that Plaintiff has not yet conducted sufficient diligence to determine that this address is inaccurate in this case. Accordingly, the Court finds that the Hague Convention applies.[2]

Because the Hague Convention applies, the Court must determine whether it prohibits the service requested here. Some courts have allowed alternate service through email on Defendants in China because, even though China has specifically objected to service by "postal channels," it has not expressly objected to service by email. *See Smart Study Co.*, 2022 WL 2872297, at *9 (collecting cases). But Judge Woods concluded in *Smart Study Co.*

---

[1] It is not clear that the other defendant, Besign Direct, is an entity at all. The Complaint states that Besign Direct is the "trade name of [sic] amazon.com storefront" through which the other defendant's products are sold in the United States. Compl. ¶ 5.

[2] Should Plaintiff investigate Defendant's address and determine that the alleged address is inaccurate, Plaintiff may, after conducting sufficient due diligence, renew its motion for alternate service. *See Smart Study Co.*, 2022 WL 2872297, at *5-6.

that China's objection to service by "postal channels" is sufficiently analogous to email to be controlling. *Id.* at *9-11. The Court is persuaded by Judge Woods' in-depth analysis in *Smart Study Co.* that, in light of China's objections to the Hague Convention, it "prohibits service by email on defendants located in China," and exigent circumstances – such as the need for urgent relief – do not create an exception to this rule. 2022 WL 2872297, at *11. The Court is unpersuaded by the cases cited by Plaintiff in its memorandum of law and during the conference on December 8, 2022, many of which are outside this district and all of which pre-date *Smart Study Co.* Accordingly, Plaintiff's motion for alternate service is denied.

### III.   Conclusion

For the foregoing reasons, Plaintiff's *ex parte* motion for a temporary restraining order and for alternate service is denied. Plaintiff may renew its motion for a preliminary injunction once service has been effectuated or waived. Plaintiff shall file a letter updating the Court on the status of efforts to serve Defendants and prosecute this case on or before **January 9, 2023.**

The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 2.

Dated: December 9, 2022
       New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge