**J. ZHANG & ASSOCIATES, P.C.**
JIYUAN ZHANG, ESQ



ATTORNEY AT LAW

136-20 38th Ave., #11G
Flushing NY 11354
+ 1 (607) 948 - 3339
contact@jzhanglaws.com
January 9, 2023

<u>*By Electronic Filing to*</u>
Hon. Jennifer L. Rochon
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

RE:   *Shenzhen Chengront Technology Co., Ltd v. Besign Direct et al*  (1:22-cv-10281-JLR)
<u>Status of Service and Request to Serve Chinese Defendants via Email Pursuant to Fed. R. Civ. P. 4</u>

Dear Judge,

I am counsel for Plaintiff in this action.

This letter is an update of the status of efforts to serve the Chinese Defendants, Besign Direct and Shenzhen JianYi KeJi Youxian Gongsi ("Defendants"), and request to serve the Chinese Defendants, via email pursuant to Fed. R. Civ. P. 4.

Upon information and diligent search, Defendants registered and operated their business at Rm. 401, Unit 1, Bldg B1, Jinhuhuayuan B Jinhu Rd., Qingshuihe St., Luohu District. ShenzhenCity, China ("Registered Address").

On December 9, 2022, Mr. Lijun Shao, an employee of the Plaintiff, visited the Registered Address in person. Mr. Shao asked the gate security, who had worked in the community for more than 5 years, and asked the community management office whether "Besign Direct" or "Shenzhen JianYi KeJi Youxian Gongsi" register or operate their business there, and was responded negative. Mr. Shao knocked on the door, but there was no sound, no response and no one opened the door. On December 20, 2022, Mr. Shao visited the Registered Address again, and knocked on the door. A woman inside responded that neither has its business here. Attached **Exhibit 1** is the Declaration of Lijun Shao.

Attached **Exhibit 2** is believed to be the official website of Defendants. The Defendants did not disclose its physical location, but on the "contact us" page, it lists several email addresses.

Although both China and the U.S. are signatories to the Hague; where, as is the case with Defendants here, such Defendants displayed no addresses whatsoever on their Merchant Storefronts to shield their true identities and Plaintiffs had no way of ascertaining Defaulting

Defendants' addresses, the Hague does not apply. See *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14 Civ. 1112 (VSB), 2018 WL 4757939, at *7 (S.D.N.Y. Sep. 30, 2018).

"Courts in this Circuit have found that an address is 'not known' if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Advanced Access Content*, 2018 WL 4757939, at *7; see also, e.g., *Philip Morris USA Inc. v. Veles Ltd.*, No 06 CV 2988 (GBD), 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007) (court granted plaintiff's request to serve defendants by email where an investigation did not uncover valid physical addresses for service of process).

Here, Plaintiff has exercised reasonable diligence in attempting to discover a physical address for service of process by sending its employee personally visiting the Registered Address which was disclosed by Defendants. And reveal that the Registered Address was neither has its business there. Accordingly, Hague does not apply here.

"The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." *Id*.

Plaintiffs may serve international defendants pursuant to Fed. R. Civ. P. 4(f)(3), which enables a court to grant an alternative method of service so long as it: "(1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." *SEC v. Anticevic*, No. 05 CV 6991 (KMW), 2009 U.S. Dist. LEXIS 11480, at *7 (S.D.N.Y. Feb. 8, 2009). Notably, "[s]ervice under subsection [4(f)] (3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 330 (S.D.N.Y. 2015).

District Courts in this Circuit have held that service on Chinese companies via email is not precluded by any international agreement. *Sulzer Mixpac AG*, 312 F.R.D. at 332.

Service on Defendants via email comports with due process as it is "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 309 (1950).

Through the official website of Defendants as annexed as Exhibit 2, it can be presumed that the Defendants are willful, or at least prefer to, engage in online business and offer its customers to contact them via email. *Mattel, Inc. v. Animefunstore, et al.*, 18 Civ. 8824 (LAP) (Dkt. 81) (S.D.N.Y. May 1, 2020); *see also, Sulzer*, 312 F.R.D. at 332 (noting that service through email was appropriate where the "email address in question is listed prominently on [defendant's internet homepage…[,] [the defendant] presumably relies at least partially on contact through [its email] to conduct overseas business, and it is reasonable to expect [defendant] to learn of the suit against it through this email address.").

It is believed that this would satisfy due process, as it is "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 309 (1950).

Accordingly, based on the foregoing, we respectfully request this Court grant our request to serve the Defendants via email.

Respectfully submitted,

J. Zhang and Associates, P.C.

*/s/ Jiyuan Zhang*

By: Jiyuan Zhang, Esq

Fairchild Law, LLC
Steven R. Fairchild
170 Parkside Avenue, 3F
Brooklyn, NY 11226
T 703-994-0193
steve@fairchildlegal.com